24805. POULUS *v.* THE STATE.

DECIDED JUNE 19, 1935.

*Ellis McClelland,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacINTYRE, J. Jim Poulus was convicted in the criminal court of Atlanta for having, possessing, and controlling intoxicating liquor, "to wit, 4 ounces of whisky in bottle on Walton street," Atlanta, Georgia. The trial judge sentenced the defendant to work on the public works for four months. The case was carried by certiorari to the superior court, and the judge of that court overruled the certiorari. The questions for determination here are, (1) whether the evidence supports the verdict, and (2) whether the sentence is excessive.

The conviction rests upon the evidence of policeman S. A. Greer. It appears from the petition for certiorari that Greer testified on direct examination substantially as follows: "I turned and went into this restaurant, where I found two men standing at the soda-fount. As I aproached the soda-fount these men handed two glasses to Jim Poulus, who was standing on the inside of the fount,

and it looked to me as though these men put something in their pocket, although I do not know what it was. Jim Poulus took these two glasses and sat them in the sink where he was. He had plenty of time to throw whatever it was out, but he·did not do it, simply keeping them there before him. I went behind the soda-fount at this time and picked these glasses up, and what it smelled like to me was whisky. I would estimate that in these two glasses combined there was approximately four ounces of whisky."

It appears from the petition for certiorari that S. A. Greer testified substantially as follows: "There was a mixture in these drinks that the men handed to Jim Poulus and he placed on the sink in the soda-fount, a mixture which looked to be coca-cola and whisky. . . I did not take any of the mixture away from the soda-fount, but just simply poured it out in the sink. I could not swear as to the exact amount of liquor that each glass contained, but I should say approximately two ounces to a glass. That is usually the amount they put in a glass for a drink, but . . I did not analyze it. I have never had occasion to arrest Jim Poulus in my life before. . ."

After stating in his answer to the writ of certiorari that the evidence adduced upon the trial of the case was substantially as set forth in the petition "with the following qualifications and additions," the trial judge sets out the testimony of S. A. Greer substantially as follows: "I am a police officer of the City of Atlanta, Fulton County, Georgia. . . On August 21, 1933, . . Jim Poulus, the defendant in this case, was operating a place of business . . on the corner of Walton and Spring Streets. I am well acquainted with Jim Poulus, the defendant in this case. On this particular occasion I saw Jim Poulus serve two men who were standing at the counter in the restaurant two glasses in which there was a drink of some kind. I walked hurriedly into the restaurant, took possession of the glasses, and discovered that the two glasses which had been served to these two men by the defendant had contained corn whisky, as the odor of corn whisky was very strong in the two glasses, there being just a few drops in each glass remaining. I saw Jim Poulus when he put the glasses on the counter before the two men drank from them. Neither one of the two men poured anything into the glasses. Just before the two men drank the contents of the glasses I did not see them take a

bottle out of their pocket, nor did I see them put a bottle back in their pocket, and Jim Poulus brought the two glasses to the counter, placed the glasses on the counter, and each one of the men picked up a glass and drank its contents." The defendant stated in substance that there were "five Jim Pouluses in the City of Atlanta," and that he was "the wrong man" and knew nothing about the transaction in question.

We hold that the evidence supports the conviction; that the sentence was not excessive; and that the court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*